Charles "Spike" GIRTY a Minor, who
sues by his parents; Charles Girty;
Vicky Girty, on their own behalf,

v.

SCHOOL DISTRICT OF VALLEY
GROVE, Appellant.

No. 01–3934.

United States Court of Appeals,
Third Circuit.

Argued Sept. 20, 2002.

Decided Oct. 28, 2002.

Patricia K. Smith (Argued), Jennifer E.
Gornall–Rouch, Knox McLaughlin Gornall
& Sennet, P.C., Erie, PA, for Appellant.

Janet F. Stotland (Argued), Nancy A.
Hubley, Len Rieser, Education Law Cen-
ter–PA, Pittsburgh, PA, Lilian A. Akin,
Pittsburgh, PA, for Appellee.

Clay G. Guthridge, United States De-
partment of Justice, Appellate Section,
Washington, DC, for Amicus–Appellee.

Before SCIRICA, ALITO, and McKEE,
Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The School District of Valley Grove ap-
peals the district court's order granting
plaintiff's motion for summary judgment
and denying the defendant's motion for
summary judgment. This case arises from
the District's efforts to change the edu-
cational placement of Charles "Spike" Gir-
ty, a child with significant mental retarda-
tion, from full-time regular education to
part-time life skills support. The Individ-
uals with Disabilities Education Act, 20
U.S.C. § 1401 et seq., ("the IDEA") re-
quires states to establish and maintain
procedures to "ensure that children with
disabilities and their parents are guaran-
teed procedural safeguards with respect to
the provision of free appropriate public
education...." 20 U.S.C. § 1415(a).

Pennsylvania has a two-tiered system
which provides for an initial IDEA due
process hearing at the local level conduct-
ed by a hearing officer, followed by review
at the state level by an appeals panel. 20
U.S.C. § 1415(f)-(g). A party aggrieved
by the findings and decision in the state
due process hearing may seek review in
federal district court. 20 U.S.C.
§ 1415(i)(2)(A). The district court must
afford "due weight" to the state adminis-
trative proceedings when evaluating claims
under the IDEA. See Bd. of Educ. v. Row-
ley, 458 U.S. 176, 206, 102 S.Ct. 3034, 73
L.Ed.2d 690 (1982). In short, district
courts have "discretion to determine how
much deference to accord the administra-
tive proceedings, and although the district
courts 'must consider administrative find-
ings of fact, [they are] free to accept or
reject them.'" Carlisle Area School Dis-
trict v. Scott P., 62 F.3d 520, 527 (3d
Cir.1995) quoting Oberti v. Bd. of Educ.,
995 F.2d 1204, 1219 (3d Cir.1993).

The district court must give "due
weight" to the appeals panel's decision
"when it reverses the [local] hearing offi-
cer's conclusions of law, inferences from
proven facts, and factual findings based on
credibility judgments where non-testimoni-
al, extrinsic evidence justified the appeals
panel's contrary decision." Carlisle Area

890

School District, 62 F.3d at 529. If the district court chooses to depart from the agency's ruling, it should provide some explanation for its departure. *Id.* at 527. We exercise plenary review over the district court's conclusions of law and review its findings of fact for clear error. *Carlisle Area School District*, 62 F.3d at 526.

Inasmuch as the district court (McLaughlin, J.) has already set forth the factual and procedural history of this case, we need not repeat that history here. *See Girty v. School District of Valley Grove*, 163 F.Supp.2d 527 (W.D.Pa.2001). The district court has carefully and completely explained its reasons for granting the parents' motion for summary judgment and denying the District's motion for summary judgment in its thoughtful Memorandum Opinion and Order. The district court accorded due weight to the state administrative proceedings, applied the correct legal standard, and made no clearly erroneous findings of fact. Given the district court's careful analysis, no purpose will be served by this court undertaking a redundant discussion simply to reach the same result.

Accordingly, we will affirm the decision of the district court substantially for the reasons set forth in the district court's thoughtful Memorandum Opinion without further elaboration.